# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

EAST COAST LOGISTICS, INC.,

    Plaintiff,

v.

MEDITERRANEAN SHIPPING COMPANY (USA) INC.,

    Defendant.

CIVIL ACTION NO.: 4:19-cv-213

## **O R D E R**

This matter is before the Court on Defendant Mediterranean Shipping Company (USA) Inc.'s Motion to Dismiss. (Doc. 6.) Plaintiff East Coast Logistics, Inc. (hereinafter "Plaintiff" or "East Coast") filed this suit asserting a state law claim for money had and received against Mediterranean Shipping Company (USA) Inc. (hereinafter "Mediterranean Shipping"). Plaintiff alleges that it paid Mediterranean Shipping $89,840.00 and then learned it had no obligation to pay that money. (See doc. 1-3.) Defendant then filed the at-issue Motion to Dismiss, (doc. 6), to which Plaintiff filed a Response, (doc. 7), and Defendant thereafter filed a Reply, (doc. 9). For the reasons explained more fully below, the Court **GRANTS** Defendant's Motion to Dismiss, (doc. 6).

## **BACKGROUND**[1]

According to the Complaint, East Coast is a warehousing company that stores goods for various third parties, and Mediterranean Shipping is a shipping company that operates numerous

---

[1] The Court takes the following facts from Plaintiff's Complaint, (doc. 1-3), and assumes them to be true, as it must at this stage.

container vessels to ship goods across the world. (Doc. 1-3, p. 17.) Mediterranean Shipping has a storage yard where it temporarily stores containers after its vessels dock at the port of Savannah. (Id. at p. 18.) This action arises out of Mediterranean Shipping's temporary storage, in January of 2019, of eight containers in its storage yard. (Id.) As of January 24, 2019, Mediterranean Shipping's fee for storing these items totaled $89,840.00. (Id.) On that same date, DACHSER SE Air and Sea Logistics (hereafter "Dachser") told Plaintiff about the containers and said that they were waiting to be removed from the storage yard and that Plaintiff was responsible for the pending $89,840.00 storage fee. (Id.) According to the Complaint, Plaintiff believed that Mediterranean Shipping's storage fee would double every three days so long as the containers remained in the yard. (Id. at p. 19.) Specifically, Plaintiff believed that, if it did not remove the containers on that same day, then the next day or the following days, the fee would double to approximately $160,000.00. (Id.)

On the same day that Dachser informed East Coast about the containers, East Coast paid Mediterranean Shipping $89,840.00 "to secure the release of the containers and to prevent further fees from accruing." (Id.) Because of its belief that the fee would soon double, Plaintiff asserts that it did not have time to determine who was actually responsible for the costs. (Id.) After paying, Plaintiff investigated further and now alleges that Dachser owed Mediterranean Shipping the storage fees. (Id.) Plaintiff notes that all of the relevant invoices list Dachser as the "Reference Company" for the at-issue containers, which it claims means Dachser was the company responsible for the containers. (Id. at p. 18.) Thereafter, East Coast asked Mediterranean Shipping to return the $89,840.00, but Mediterranean Shipping refused. (Id. at p. 19.)

Plaintiff filed suit against Mediterranean Shipping in Chatham County Superior Court seeking recovery of the fee under the theory of money had and received. (See doc. 1-3, pp. 17–

2

20.)  Mediterranean Shipping removed the case to this Court, (doc.1), and filed its Motion to Dismiss, (doc. 6). Plaintiff filed a Response, (doc. 7), and Mediterranean Shipping filed a Reply, (doc. 9).

## LEGAL STANDARD

Under a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), such as Mediterranean Shipping's Motion here, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009) (citing Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262 (11th Cir. 2004)). A complaint must state a facially plausible claim for relief, and "'[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678 (internal quotations omitted).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id. (internal citation omitted). In addition, when a

dispositive issue of law allows for no construction of the complaint's allegation to support the cause of action, dismissal is appropriate. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## DISCUSSION

The only claim Plaintiff asserts against Mediterranean Shipping is for money had and received. As this is a diversity action, Georgia law applies. See, e.g., Grange Mut. Cas. Co. v. Woodard, 826 F.3d 1289, 1295 (11th Cir. 2016) ("Federal courts sitting in diversity apply the substantive law of the forum state."). Under Georgia law, "[a]n action for money had and received is founded upon the equitable principle that no one ought to unjustly enrich himself at the expense of another, and is maintainable . . . where one has received money under such circumstances that in equity and good conscience he ought not to retain it." Sentinel Offender Servs., LLC v. Glover, 766 S.E.2d 456, 471 (Ga. 2014). A money had and received claim "is a substitute for a suit in equity . . . , and, while founded on causes of action arising out of application of equitable principles, is an action at law . . . ." Turpin v. Wilson, 211 S.E.2d 316, 318 (Ga. Ct. App. 1974). Under this cause of action, a plaintiff normally may reclaim "a payment mistakenly made when that mistake was caused by his lack of diligence or his negligence in ascertaining the true facts and the other party would not be prejudiced by refunding the payment—subject to a weighing of the equities between the parties by the trier of fact." Gulf Life Ins. Co. v. Folsom, 349 S.E.2d 368, 406 (Ga. 1986).

Mediterranean Shipping argues that dismissal is appropriate because it rendered services and thus would be prejudiced by having to refund payment. (Doc. 6, p. 4.) A line of Georgia cases has examined this issue. For example, in Time Insurance Co. v. Fulton-DeKalb Hospital Authority, the Court of Appeals of Georgia reviewed a trial court's dismissal of an insurance company's money had and received claim against a hospital. Time Ins. Co. v. Fulton-DeKalb

4

Hosp. Auth., 438 S.E.2d 149, 150 (Ga. Ct. App. 1993). In that case, the plaintiff insurance company had paid the defendant hospital for medicals bills that a policyholder had incurred. Id. After making the payment, the insurance company discovered that it was not actually responsible for the fees because the policyholder's medical expenses fell outside of the policy. Id. The insurance company sought to recover the money, but the Court of Appeals affirmed dismissal; reasoning that "[i]t is clear that [the hospital] would be prejudiced by refunding the payment and that it in good conscience may retain payment for medical services rendered." Id. at 151; see also Grogan v. City of Dawsonville, 823 S.E.2d 763, 771 (Ga. 2019) ("[I]t would certainly prejudice [plaintiff] to refund the compensation he received for services rendered."); Landcastle Acquisition Corp. v. First-Citizens Bank & Tr. Co., No. 1:16-CV-3618-TWT, 2017 WL 2813674, at *2 (N.D. Ga. June 28, 2017) ("[E]ssential to the claim of money had and received . . . is that the defendant was unjustly enriched.").

The Complaint states that Mediterranean Shipping charged $89,840.00 for storing the containers, and "East Coast remitted payment of [that amount] to Defendant to secure the release of the containers." (Doc. 1-3, pp. 18–19.) Nowhere in the Complaint does East Coast challenge the propriety of the amount it paid for the storage. Thus, like the plaintiff insurance company in Time Insurance Co., Plaintiff apparently "acknowledges that the mistaken payment to [Mediterranean Shipping] was in compensation for services valued at" the amount it paid (here, $89,840.00). Time Ins. Co., 438 S.E.2d at 151. From these facts it is clear that Mediterranean Shipping, like the defendant hospital in Time Insurance Co., would be prejudiced if it had to refund the payment for this service.

Plaintiff argues that Time Insurance Co. does not stand for the bright-line rule that rendering a "service invalidates a claim for money had and received" and that the court should

5

balance the equities between the parties. (Doc. 7, p. 3.) It then goes on to make several arguments concerning why the balance of equities here is different than in Time Insurance Co.. (Id. at pp. 3–4.)   A close reading of Time Insurance Co. does not support Plaintiff's interpretation, however. The Court of Appeals did recognize that recovery in an action for money had and received is "'subject to a weighing of the equities between the parties by the trier of fact'. . . [and] . . . [any] issues of fact [would] remain[] for jury resolution." Time Ins. Co., 438 S.E.2d at 151 (quoting Folsom, 349 S.E.2d at 373). However, by dismissing the claim in Time Insurance Co., the Court explicitly did not have a jury weigh the equities, noting that not "every claim for money had and received must be presented to a jury." Id.; see also Wyatt v. Hertz Claim Mgmt. Corp., 511 S.E.2d 630, 632 (Ga. Ct. App. 1999) (the trier of fact does not always have to "weigh the equities" in an action for money had and received).

Plaintiff tries to differentiate this case by arguing that the storage fee lacked a known value because it was set to double every three days. (Doc. 7, p. 3.) However, a review of the Complaint makes it clear that Plaintiff paid the original storage fee (not any doubled fee) set at $89,840.00, and Mediterranean Shipping received this amount. (Doc. 1-3, pp. 18–19.) Thus, like the defendant hospital in Time Insurance Co., Mediterranean Shipping did not receive "a gratuitous overpayment." Time Ins. Co., 438 S.E.2d at 151.

Next, Plaintiff cites O.C.G.A. § 13-1-13 which states in part that a voluntary payment "cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property." O.C.G.A. § 13-1-13. Plaintiff argues that this provision applies because the storage fee was set to double before they could investigate who actually owed the fee. (Doc. 7, p. 3.) However, it cites no case law to support that a doubling fee constitutes "an urgent and immediate necessity"

6

under O.C.G.A. § 13-1-13. In addition, when the Georgia Supreme Court interpreted how this statute interplayed with another, it explicitly stated that an action for money had and received requires that "the other party would not be prejudiced by refunding the payment." Folsom, 349 S.E.2d at 373. Thus, even if Plaintiff had an urgent need to pay the fee, its claim would still fail because, as the Court has already explained, returning the money would prejudice Mediterranean Shipping. Plaintiff also points to several other minor differences in an effort to distinguish this case from Time Insurance Co., such as it not being an insurance company. (Doc. 7, p. 3.) However, it again cites nothing from Time Insurance Co.'s reasoning or from any other Georgia case law to indicate that these differences change the outcome of this case. For all these reasons, the Court **GRANTS** Mediterranean Shipping's Motion to Dismiss, (doc. 6).

Finally, Plaintiff argues that it should be granted leave to add Dachser to the suit so "the equities of all parties can be similarly weighed by this Court simultaneously." (Doc. 7, p. 4.) Generally, district courts are encouraged to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); 126th Ave. Landfill, Inc. v. Pinellas Cty., 459 F. App'x. 896, 897 n.1 (11th Cir. 2012) (per curiam). However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262–63 (11th Cir. 2004). As the Court has already made clear, the trier of fact does not need to weigh the equities in this case in order to dismiss Mediterranean Shipping. Whatever claims Plaintiff may have against Dachser do not change the fact that Mediterranean Shipping only received compensation for a service it provided, and it is not unjustly enriched by retaining that money. Thus, there is no reason to add Dachser to Plaintiff's present suit against Mediterranean Shipping. For this reason, the Court **DENIES** Plaintiff's request for leave to amend.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant Mediterranean Shipping Company (USA) Inc.'s Motion to Dismiss, (doc. 6). The Court **DIRECTS** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 26th day of March, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA